UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| ALFRED J. GANT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 07-CV-2095 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

This case is before the court, following remand from the Seventh Circuit Court of Appeals, on the pro se Motion under § 2255 to Vacate, Set Aside or Correct Sentence (#1) filed by Petitioner, Alfred J. Gant. Following this court's careful review of Petitioner's Motion (#1) and the Government's Response (#25), this court agrees with the Government that an evidentiary hearing is necessary prior to ruling on the Motion. This case is therefore scheduled for a telephone status conference on May 27, 2009, at 1:30 p.m. so an evidentiary hearing can be scheduled.

BACKGROUND

I. PETITIONER'S CRIMINAL CASE

Petitioner was charged by indictment in this court in Case No. 03-CR-20043. On November 19, 2003, Petitioner was found guilty, following a jury trial, of the offense of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). A presentence investigation report (PSR) was prepared prior to sentencing. The PSR stated that Petitioner was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4 because he had four prior convictions for either a violent felony or a serious drug offense. The PSR stated that Petitioner's sentencing guideline range was 188 to 235 months of imprisonment. On April 14, 2004, this court held a sentencing hearing. Petitioner objected to his classification as an Armed Career Criminal,

contending that the classification violated the Eighth Amendment's prohibition against cruel and unusual punishment. This court overruled the objection and adopted the PSR's findings. This court then sentenced Petitioner to 188 months of imprisonment.

Petitioner filed a Notice of Appeal and claimed, on appeal, that this court erred in two of its evidentiary rulings and in refusing to give a requested jury instruction. On January 12, 2005, while Petitioner's appeal was under consideration, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). On February 1, 2005, the Seventh Circuit rejected Petitioner's arguments and affirmed his conviction. United States v. Gant, 396 F.3d 906 (7th Cir. 2005). Petitioner filed a petition for rehearing, raising for the first time an argument under Booker. The Seventh Circuit denied the petition for rehearing on March 10, 2005.

## II. FIRST MOTION UNDER § 2255

On May 18, 2005, Petitioner filed a Motion under 28 U.S.C. § 2255 in Case No. 05-CV-5119. Petitioner claimed he did not have the necessary convictions to qualify him for sentencing as an Armed Career Criminal because his civil rights had been restored on two of the underlying convictions. Petitioner also claimed that the Government failed to prove to a jury beyond a reasonable doubt the existence of the prior convictions.

On July 18, 2005, this court denied the Motion, concluding that Petitioner's claims were procedurally defaulted because they were not raised on direct appeal. Petitioner filed a motion to reconsider and asked this court to allow him to amend his motion. This court granted Petitioner's request and directed him to file an amended Motion under § 2255. In his amended Motion, Petitioner claimed his trial counsel was ineffective for failing to investigate and challenge the prior convictions used to classify him as an Armed Career Criminal. Petitioner also claimed that his

counsel was ineffective for failing to raise a timely Booker issue during his direct appeal. Petitioner further claimed that this court, rather than a jury, impermissibly made the factual determination of the existence of his prior convictions.

On March 28, 2006, this court entered an Opinion ruling on Petitioner's amended Motion under § 2255. This court rejected Petitioner's claim that his trial counsel provided ineffective assistance of counsel for failing to investigate or challenge his classification as an Armed Career Criminal and also rejected Petitioner's claim that this court engaged in impermissible fact-finding regarding Petitioner's prior convictions. This court concluded, however, that Petitioner's appellate counsel had been ineffective for failing to raise a timely Booker challenge to his sentence. This court therefore ordered that Petitioner would be resentenced. This court appointed new counsel to represent Petitioner at the resentencing hearing.

On August 25, 2006, this court conducted a resentencing hearing and lowered Petitioner's sentence to 180 months of imprisonment. This was the statutory mandatory minimum sentence under 18 U.S.C. § 924(e). Following resentencing, Petitioner did not appeal the amended judgment.

On December 4, 2006, Petitioner filed a Notice of Appeal concerning this court's ruling denying two of the claims raised in his amended Motion under § 2255. This court denied Petitioner's request for a certificate of appealability. The Seventh Circuit dismissed the appeal for lack of jurisdiction under Rule 4(a) of the Federal Rules of Appellate Procedure, finding that the Notice of Appeal was filed more than six months late.

### III.  SECOND MOTION UNDER § 2255

On May 10, 2007, Petitioner filed a new Motion under § 2255 to Vacate, Set Aside or Correct Sentence (#1) in this case. On June 11, 2007, the Government filed its Response to

Petitioner's Second Motion under 28 U.S.C. § 2255 (#3).  On June 14, 2007, this court entered an Opinion (#4) which dismissed Petitioner's Motion under § 2255 for lack of jurisdiction.  Petitioner filed a Notice of Appeal (#7).

On November 17, 2008, the Government filed an Unopposed Motion to Remand Case with the Seventh Circuit Court of Appeals.  The Government stated that the case should be remanded because Petitioner, in his Motion, complained of new errors that ensued as a result of his previous, successful collateral attack.  The Seventh Circuit entered an Order (#19) on December 5, 2008 and granted the Government's Unopposed Motion to Remand Case.  The Seventh Circuit agreed that, pursuant to Shepeck v. United States, 150 F.3d 800, 800-01 (7th Cir. 1998), Petitioner could properly proceed with his Motion under § 2255 because it raised new errors that ensued as a result of his previous, successful collateral attack.  The Seventh Circuit therefore vacated this court's judgment and remanded the case for further proceedings.

Following remand, this court reopened the case and ordered the Government to file a Response to Petitioner's Motion.  On February 5, 2009, this court appointed Attorney Joseph P. Chamley to represent Petitioner. On February 21, 2009, the Government filed its Response (#25).

ANALYSIS

In his Motion (#1), Petitioner raises three issues: (1) that this court lacked jurisdiction at the resentencing to sentence him as an Armed Career Criminal because he did not have the necessary prior convictions; (2) that his lawyer at the resentencing was ineffective in failing to investigate the prior convictions because an investigation by counsel would have shown that he did not possess the required convictions and he would have received a lesser sentence; and (3) that his lawyer's failure to file a notice of appeal was ineffective assistance of counsel because he requested that his lawyer

file a notice of appeal following the resentencing.

In its Response (#25), the Government recognized that, if a defendant directs his attorney to file a notice of appeal following his sentencing and the attorney fails to do so, it is per se ineffective assistance of counsel. See Kafo v. United States, 467 F.3d 1063, 1066 (7th Cir. 2006). The Government further recognized that Petitioner's allegation regarding his third issue raises a factual issue for the court to address at an evidentiary hearing at which Petitioner and his attorney may testify. The Government therefore conceded that an evidentiary hearing is necessary in this case as to that issue.

As to Petitioner's first and second claims, the Government argued that the claims essentially raise the same issue: whether Petitioner's counsel was ineffective for failing to raise the Armed Career Criminal issue at Petitioner's resentencing. The Government noted that Petitioner claims that he is not an Armed Career Criminal because he was advised by the Illinois Department of Corrections (IDOC) that his civil rights had been restored as to two of his prior convictions, making them inapplicable to an Armed Career Criminal determination.

The Armed Career Criminal Act, 18 U.S.C. § 924(e), requires a mandatory minimum sentence of 15 years for anyone convicted under 18 U.S.C. § 922(g) who has at least three prior convictions that are considered either a "violent felony" or a "serious drug offense." United States v. Gillaum, 372 F.3d 848, 853 (7th Cir. 2004); see also United States v. Williams, 128 F.3d 1128, 1134 (7th Cir. 1997). An exception to § 924(e) provides that the Government may not use a prior conviction to enhance a sentence if the sentencing jurisdiction as to that conviction has restored the defendant's civil rights. Williams, 128 F.3d at 1134, citing 18 U.S.C. § 921(a)(20). Section 921(a)(20)(B) provides, in pertinent part:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20)(B).

The Seventh Circuit has held that this statute does not apply when some civil rights are restored by operation of state statute. Williams, 128 F.3d at 1134-35. Rather, it applies when a state "sends the felon a piece of paper implying that he is no longer 'convicted' and that *all* civil rights have been restored." See United States v. Erwin, 902 F.2d 510, 512 (7th Cir. 1990) (emphasis in original). Unless the document puts the defendant on notice that he may not "ship, transport, possess, or receive firearms," the conviction does not count as one of the three necessary for an enhanced sentence under the Armed Career Criminal statute. Gillaum, 372 F.3d at 859; see also United States v. Logan, 453 F.3d 804, 807 (7th Cir. 2006), aff'd, 128 S. Ct. 475 (2007). The Seventh Circuit has stated that the case law establishes "the principle that a state may not employ language in discharging a prisoner that will lull the individual into the misapprehension that civil rights have been restored to the degree that will permit him to possess firearms." United States v. Vitrano, 405 F.3d 506, 510 (7th Cir. 2005).

The Government noted that, although Petitioner has challenged his status as an Armed Career Criminal on numerous prior occasions, he has, for the first time, provided this court with supporting documentation from the IDOC. Petitioner stated that, in January 2007, he received certified copies of his original master file from the IDOC, which he attached to his Motion. One of

the documents states:

> WE ARE PLEASED TO INFORM YOU OF THE RESTORATION OF ALL YOUR RIGHTS INCLUDING YOUR RIGHT TO VOTE AND TO HOLD OFFICES CREATED UNDER THE CONSTITUTION OF THE STATE OF ILLINOIS. YOU ALSO HAVE THE RIGHT TO RESTORATION OF LICENSES GRANTED TO YOU UNDER THE AUTHORITY OF THE STATE OF ILLINOIS IF SUCH LICENSE WAS REVOKED SOLELY AS A RESULT OF YOUR CONVICTION, UNLESS THE LICENSING AUTHORITY DETERMINES THAT SUCH RESTORATION WOULD NOT BE IN THE PUBLIC INTEREST.

In its Response, the Government pointed out that the documents Petitioner provided to this court generally relate to the completion or discharge of his criminal sentence. The only document related to the "restoration" of civil rights is unauthenticated, unsigned and undated. The Government argued that Petitioner has presented no evidence to establish that it is a valid IDOC document. The Government pointed out that the document contains differing type format, part of which appears strikingly similar to the type format used to prepare Petitioner's pro se Motion. The Government therefore argued that the document provided by Petitioner does not raise a credible factual issue as to whether Petitioner's civil rights were in fact restored or whether his counsel was ineffective in failing to challenge Petitioner's Armed Career Criminal status at his resentencing. The Government stated, however, that since an evidentiary hearing is necessary as to Petitioner's claim that his resentencing counsel failed to perfect a direct appeal, an inquiry can be made at the hearing

as to whether Petitioner knowingly presented a valid or forged document to the court in support of his Motion.

This court agrees with the Government that an evidentiary hearing is necessary in this case regarding Petitioner's claim that his counsel was ineffective for failing to file a notice of appeal following his resentencing. This court further concludes that, at the evidentiary hearing, the parties should address Petitioner's Armed Career Criminal arguments, which will include an inquiry regarding the source of the document Petitioner has provided and relied upon.

IT IS THEREFORE ORDERED THAT this case is set for a telephone status conference on May 27, 2009 at 1:30 p.m. so that an evidentiary hearing can be scheduled.

ENTERED this 18th day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE