UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ALFRED J. GANT,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | Case No. 07-CV-2095 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On December 21, 2009, this court entered a lengthy Opinion (#47) which denied the Motion under § 2255 to Vacate, Set Aside or Correct Sentence (#1) filed by Petitioner, Alfred J. Gant. In ruling, this court carefully considered the procedural history of this case, the evidence presented at the evidentiary hearing held in this case, and the arguments of the parties. Petitioner has filed a Motion for Reconsideration (#49). After careful consideration, Petitioner's Motion (#49) is DENIED.

ANALYSIS

In his Motion under § 2255 (#1), Petitioner raised two issues. He claimed that Harvey Welch, the attorney appointed to represent him at his resentencing hearing, was ineffective for failing to challenge his status as an Armed Career Criminal, based upon the fact that his civil rights were restored as to his prior convictions. He also claimed that his counsel failed to file a notice of appeal after being directed to do so. In finding Petitioner's first claim to be without merit, this court specifically found that it was clear that Petitioner did not present this court with the actual letter which was sent to him by the Illinois Department of Corrections (IDOC) regarding the restoration of his civil rights. This court noted that the letters Petitioner introduced into evidence did not have the distinctive spacing the documents generated by the IDOC have. This court concluded that the

testimony from Petitioner and Ruby Rodriguez regarding his receipt of the letter introduced into evidence was contradictory and was not convincing or credible. This court therefore found that "Petitioner failed to present credible evidence that he received a letter from the IDOC which referenced the restoration of his rights."

This court then noted that, based upon the evidence presented by the Government, it was likely that the IDOC sent Petitioner a letter after Petitioner was released from parole. This court concluded, however, that even if this court gave Petitioner the benefit of the doubt and assumed that he received a letter from the IDOC after he was released from parole in 1995 and the letter was identical to the letter referred to in Buchmeier v. United States, 581 F.3d 561 (7th Cir. 2009), Petitioner still could not prevail. The court stated that the most this "assumed" letter could have done was restore Petitioner's civil rights as to his most recent conviction, leaving three qualifying convictions so that Petitioner was properly sentenced under the Armed Career Criminal Act. This court therefore concluded that Petitioner had not shown that he was denied the effective assistance of counsel at resentencing. This court also rejected Petitioner's argument regarding a notice of appeal. This court found Petitioner's testimony that he asked his attorney to file a notice of appeal unconvincing and not credible.

On December 23, 2009, Petitioner filed a Motion for Reconsideration (#49). Petitioner argued that this court was incorrect when it concluded that, even assuming that a letter identical to the letter in Buchmeier was sent to Petitioner, it could only affect one of Petitioner's convictions. Petitioner argued that the letter restored Petitioner's civil rights as to his three prior "violent

felonies" based upon <u>Buchmeier</u> and <u>United States v. Glaser</u>, 14 F.3d 1213, 1218 (7th Cir. 1994)[1]. Petitioner asked this court to reconsider its findings and rulings and grant his § 2255 Petition. Petitioner also asked this court to rule that the Motion for Reconsideration extends the time for filing a Notice of Appeal and a Motion for a Certificate of Appealability. Petitioner did not specifically request reconsideration of this court's conclusion regarding his notice of appeal claim.

On January 29, 2010, the Government filed a Response to Petitioner's Motion for Reconsideration. The Government argued Petitioner could not "make a credible claim by, on one hand, providing false testimony and evidence and, on the other hand, have his counsel ultimately rely on government evidence which established the falsity of that testimony and evidence." The Government argued that its evidence did not establish that Petitioner actually received a letter and Petitioner's own testimony established that the only letter he claimed he received was a forgery. The Government argued that, because this court correctly concluded that Petitioner "failed to present credible evidence that he received a letter from the IDOC which referenced the restoration of his rights," his petition was properly denied.

The Government also argued that there is no basis to conclude that Petitioner's resentencing counsel acted unreasonably based upon the evidence presented in this case. In addition, the Government argued that any "assumed" letter from the IDOC would only affect the applicability of Petitioner's 1985 conviction to the Armed Career Criminal calculation and not the three other convictions which occurred in the 1970's, more than a decade prior to the time the IDOC began

---

[1] Petitioner's argument that his civil rights were restored as to his three convictions from the 1970's and not his 1985 conviction is new. This court noted in footnote 7 of its Opinion (#47) that Petitioner originally claimed that his civil rights were restored as to his 1970 and 1974 convictions, then claimed that his civil rights were restored as to his 1970 and 1985 convictions, and then claimed in his argument following the evidentiary hearing that his civil rights had been restored as to "all" of his convictions. This court stated that Petitioner's claims in this regard "have been something of a 'moving target.'"

issuing discharge letters. The Government argued that Glaser and Buchmeier both involved letters which were applicable to all of the defendants' prior convictions, which is not the case here. The Government argued that "[t]here is simply no authority to support the broad proposition that a single IDOC letter concerning a single conviction is sufficient to invalidate all prior Illinois convictions no matter their number or when such convictions occurred."

This court agrees with the Government that there is no basis for changing this court's ruling and granting Petitioner's Motion under § 2255. This court specifically found that there was no credible evidence presented that Petitioner ever received a letter from the IDOC regarding the restoration of his civil rights. There is no reason to change this conclusion. Therefore, based on the evidence presented to this court, this court simply cannot conclude that Welch provided Petitioner the ineffective assistance of counsel when he failed to challenge Petitioner's status as an Armed Career Criminal at his resentencing.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion for Reconsideration (#49) is DENIED.

(2) Petitioner's Notice of Appeal and Motion for a Certificate of Appealability is due 30 days from the date of this Opinion.

ENTERED this __3rd__ day of February, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE